IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

BOBBY DUANE COBB                                                                      PLAINTIFF

v.                                      Civil No. 4:21-cv-04064

KIM COBB                                                                               DEFENDANT

### REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

This is a civil rights action filed by Bobby Duane Cobb pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. The case is before the Court for preservice screening. Pursuant to 28 U.S.C. § 1915 (1996), the Court has the obligation to screen a complaint filed *in forma pauperis* and "shall dismiss the case at any time if the court determines that—(B) the action or appeal—(ii) fails to state a claim on which relief may be granted."

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable Susan O. Hickey referred this case to this Court for the purpose of making a report and recommendation. In accordance with that referral, and after reviewing the arguments in this case, this Court recommends Plaintiff's case fails to state a claim upon which relief may be granted and must be **DISMISSED**.

**I.      Background**:

Plaintiff filed this 42 U.S.C. § 1983 action *pro se* on September 29, 2021. ECF No. 1. His application to proceed *in forma pauperis* was granted on October 12, 2021. ECF No. 6. Plaintiff is currently incarcerated in the Arkansas Department of Correction – Ouachita River Unit – in Malvern, Arkansas.

Plaintiff has named Kim Cobb as Defendant in this action. Plaintiff alleges Defendant Kim

Cobb kept the proceeds from his deceased mother's estate and their common business venture. Specifically, Plaintiff states the following:

> I, (Bobby Duane Cobb) and Kim Cobb went into a small business together and we put in $2500.00 a piece in it, but she (Kim Cobb) kept a $1000.00 to rent a storage building to keep the tools and other things in it. When Mother died on August 30, 2021, she (Kim Cobb) sold the house, and, plus, the money in the bank Moma had in there. She (Kim Cobb) took everything and she (Kim Cobb) said that Mother told her (Kim Cobb) to take everything. I (Bobby Duane Cobb) know that Mother didn't say anything like that. I (Bobby Duane Cobb) know that it suppose to be slitted between us. She (Kim Cobb) took everything. I would like to have my share. Plus, I would like to see if my mother, that my have a will and see in writing that mother tell her (Kim Cobb) to keep everything.

ECF No. 1 at 4-5.

Plaintiff is suing Defendant in both her individual and official capacity.[1] He is seeking compensatory damages. Plaintiff provided the following in his Complaint:

> I (Bobby Duane Cobb) wants or would like the Court to get her (Kim Cobb) to give me $3,000.00 and plus, what she (Kim Cobb) sold Moma [Moma's] house, car, and some of the money Moma had in the bank. The $3,000.00 is from the business I helped her (Kim Cobb) started.

ECF No. 1 at 9.

**II.    Applicable Law:**

The Court is obligated to screen this case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious; (2) fail to state a claim upon which relief may be granted; or, (3) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic*

---

[1] Defendant's "official capacity" is, however, unclear. It does not appear she works for any governmental entity.

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'"  *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).  However, even a *pro se* Plaintiff must allege specific facts sufficient to support a claim.  *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III. <u>Discussion</u>:

Plaintiff alleges Defendant Kim Cobb unlawfully withheld money from his mother's estate and unlawfully withheld money invested into their joint business.  ECF No. 1.  These claims against Defendant Kim Cobb fail for two reasons.  First, Plaintiff has not demonstrated—or even alleged—that Defendant Kim Cobb has deprived him "of any rights, privileges, or immunities secured by the Constitution and laws." ECF No. 1.  Such an allegation or demonstration is required under 42 U.S.C. § 1983.

Second, Plaintiff has not demonstrated—or even alleged—that Defendant Kim Cobb was acting under color of state law or that she conspired with any government official to violate Plaintiff's rights.  *Tower v. Glover,* 467 U.S. 914, 920 (1984) ("[A]n otherwise private person acts 'under color of' state law when engaged in a conspiracy with state officials to deprive another of federal rights.").  Such an allegation or demonstration is also required to proceed under 42 U.S.C. § 1983.

### IV. <u>Conclusion</u>:

For the foregoing reasons, this Court recommends Plaintiff's claims against Defendant Kim Cobb in her individual and official capacity be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because this lawsuit "fails to state a claim upon which relief may be granted."

The Court further recommends this dismissal of this case constitutes a strike pursuant to 28 U.S.C. § 1915(g).  The Clerk is DIRECTED to place a § 1915 strike flag on the case.

The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.  *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

**ENTERED this 21st day of October 2021.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE